UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STEVE EKBERG,<br>　　　　　Plaintiff<br><br>　　　vs.<br><br>CITY OF BURLINGTON,<br>BURLINGTON POLICE DEPARTMENT,<br>　　　　　Defendant | )<br>)<br>)  No. 1:08-cv-219<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CITY OF BURLINGTON'S MOTION TO DISMISS
"1999 CLAIMS" AND SUPPORTING MEMORANDUM**

NOW COMES Defendant City of Burlington ("City"),[1] by and through its co-counsel, McNeil, Leddy and Sheahan, P.C., and pursuant to F.R.Civ.P. 12(b)(6), respectfully requests the Honorable Court to dismiss Plaintiff's claims premised on any acts or omissions alleged to have occurred on May 13, 1999 and July 7, 1999. For support, the City offers the following memorandum of law.

**MEMORANDUM OF LAW**

Plaintiff's "Civil Rights Lawsuit" dated September 18, 2008 states in part that he is suing the City "for civil right violation and failure to protect on: May 13, 1999, July 7, 1999...."

Plaintiff's "Statement of Circumstances, Occurrences and Events" dated October 20, 2008 refers to two events in 1999 ("1999 Claims") as follows:

　　1.　　On May 13, 1999, the Burlington Police
　　　　　Department wrongly and maliciously cited me for
　　　　　the criminal offense of SIMPLE ASSAULT, but
　　　　　their charge was without merit, and dismissed on
　　　　　December 20, 1999.

---

[1] Merits aside, the City is the proper Defendant. See, Hee v. Everlof, 812 F.Supp. 1350, 1351 (D. Vt. 1993).

> 2. On July 7, 1999, the Burlington Police Department wrongly and maliciously cited me for the criminal offense of DISORDERLY CONDUCT, but their charge was without merit, and dismissed on June 15, 2000.

Ostensibly, Plaintiff's allegations of twice being "wrongfully and maliciously cited" in 1999, should be treated as allegations of wrongful, or false arrest, and/or malicious prosecution[2].

Assuming for argument's sake that the 1999 claims are properly pleaded claims of civil rights violations, federal law governs the question of when the claims accrued, notwithstanding that Vermont's statutes of limitation are to be used. *See*, Morse v. University of Vermont, 973 F.2d, 122, 125 (2d Cir. 1992). For limitation of action purposes, actions for civil rights violations in Vermont are treated like personal injury actions, that is, subject to a three year limit. *See*, Morse, *supra*, 973 F.2d at 126; 12 V.S.A. 512(4).

Assuming for argument's sake that the 1999 claims accrued on the dates the respective criminal cases were dismissed, the claim premised on the May 13, 1999 simple assault citation accrued as of December 20, 1999, and the claim premised on the July 7, 1999 disorderly conduct citation accrued as of June 15, 2000. Applying the three year limitations, any claim premised on the May 13, 1999 simple assault citation had to be brought by December 20, 2002. Any claims premised on the July 7, 1999 disorderly conduct citation had to be brought by June 15, 2003.[3]

---

[2] Pursuant to Plaintiff's "Statement of Circumstances, Occurrences and Events, it appears his "failure to protect" claims relate to events subsequent to October of 2007. Even if Plaintiff maintains that there was any "failure to protect" in 1999, any resulting claims would be barred for the same reasons as the wrongful/false arrest and/or malicious prosecution claims.

[3] Even if Vermont's six year "catch all" statute of limitation was applied, the claims at issue would still be time barred. *See*, J.B. v. Essex-Caledonia Supervisory Union, 943 F.Supp. 387, 391-92 (D. Vt. 1996); 12 V.S.A. 511.

As the 1999 claims were filed (at the earliest) in September 2008, they are untimely. Accordingly, they should be dismissed, as failing to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).

DATED at Burlington, Vermont this 4th day of November, 2008.

MCNEIL, LEDDY & SHEAHAN, P.C.

By: _____
Joseph A. Farnham, Esq.
McNeil, Leddy & Sheahan, P.C.
271 South Union Street
Burlington, VT 05401

c:   Steve Ekberg, *Pro Se*
     Jeffrey S. Marlin, Esq.

400000-00379

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STEVE EKBERG,<br>　　　　Plaintiff<br><br>　　vs.<br><br>CITY OF BURLINGTON,<br>BURLINGTON POLICE DEPARTMENT,<br>　　　　Defendant | )<br>)<br>)   No. 1:08-cv-219<br>)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I, Joseph A. Farnham, Esquire, attorney for the Defendant City of Burlington, hereby certify that I have served Defendant City of Burlington's Motion to Dismiss "1999 Claims" and Supporting Memorandum upon the following parties by placing the same in the United States Mail, first class postage pre-paid, this 4th day of November, 2008.

Steve Ekberg
48 Murray Street, Apt. 2
Burlington, VT  05401

Jeffrey S. Marlin, Esq.
Lynn, Lynn & Blackman, P.C.
76 St. Paul Street, Suite 400
Burlington, VT  05401

　　Dated at Burlington, Vermont, this 4th day of November, 2008.

　　　　　　　　　　　　　　　　　MCNEIL, LEDDY & SHEAHAN, P.C.

　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　Joseph A. Farnham, Esq.

c:　Steve Ekberg, *Pro Se*
　　Jeffrey S. Marlin, Esq.

MCNEIL,
LEDDY &
SHEAHAN
BURLINGTON, VERMONT 05401