```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Steve Ekberg,                         :
        Plaintiff,                    :
                                      :
        v.                            :       File No. 1:08-CV-219
                                      :
City of Burlington,                   :
Burlington Police                     :
Department,                           :
        Defendants.                   :

## OPINION AND ORDER
(Papers 3, 11, 13 and 15)

Plaintiff Steve Ekberg, proceeding *pro se*, initiated this civil rights action in state court. His complaint consists of two sentences, alleging "civil right[s] violation[s] and failure to protect" on specified dates in 1999 and 2008, and requesting damages for "mental anguish."

The defendants removed the case to this Court, and have moved for a more definite statement of claims. The defendants also seek dismissal of any claims related to events that took place in 1999 as barred by the applicable statute of limitations. Ekberg has, in turn, moved for summary judgment on the pleadings. For the reasons set forth below, the defendants' motions are GRANTED, Ekberg's motion is DENIED, and an amended complaint must be filed within 30 days.

## Background

Ekberg filed his complaint in Chittenden County Superior Court on September 18, 2008. The body of the complaint reads, in full: "I, Steve Ekberg, am suing the City of Burlington and the

Burlington Police Department for civil right[s] violation[s] and failure to protect on: May 13, 1999, July 7, 1999, February 28, 2008, June 6, 2008. I am requesting a sum of $250,000 compensation of [sic] mental anguish." (Paper 7). On October 9, 2008, the defendants moved in state court for a more definite statement. (Paper 11).

On October 15, 2008, the defendants filed a notice of removal pursuant to 28 U.S.C. § 1446. Under separate counsel, they also filed a second motion for a more definite statement.[1] In response to the motions for a more definite statement, Ekberg submitted a more thorough explanation of his claims, including attached exhibits. (Paper 12). Nonetheless, the defendants' motions remain outstanding, and Ekberg has not yet filed an amended complaint.

Also pending before the Court is the defendants' motion to dismiss Ekberg's "1999 claims." (Paper 13). Citing to Ekberg's supplemental statement of his claims, the defendants contend that his civil rights allegations are subject to a three-year statute of limitations, and are not timely. Ekberg has opposed the motion, claiming that he was mentally incompetent while the statute was running, and that the 1999 incidents are part of a pattern of misconduct.

---

[1] It appears that the defendants will be represented by one attorney for the 1999 allegations, and a separate attorney for the 2008 allegations. See Paper 11 at 1 n.1.

The final pending motion is Ekberg's "motion for summary judgment on the pleading." (Paper 15). The motion claims that the defendants have failed to dispute the "salient facts," and that Ekberg is therefore entitled to judgment as a matter of law. The motion is opposed.

## Discussion

### I. Motions for More Definite Statement

"If an allegation or defense is so unclear or vague that the opposing party cannot reasonably be expected to respond, a party may move for a more definite statement under Fed. R. Civ. P. 12(e) . . . ." Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 103 (E.D.N.Y. 2005); see Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002). Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). In addition to Rule 12(e), the defendants cite Fed. R. Civ. P. 8(a), which requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has determined that under Rule 8(a) "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citations omitted).

Here, even under Rule 8's liberal pleading standard, Ekberg's initial complaint is clearly deficient. He states his claim in a single sentence, with no supporting facts aside from a series of dates. Having failed to state "the grounds upon which" his claims rest, Ekberg did not provide the defendants adequate notice of his claims. Id. Consequently, the defendants cannot be expected to respond to the complaint as drafted.

While Ekberg has since filed a document entitled "statement of circumstances, occurrences, and events," (Paper 12-2), this filing does not constitute an amended complaint. Without a properly-filed amended complaint, the defendants' deadline for filing an answer or other responsive pleading, set forth at Fed. Rule Civ. P. 12(a)(4)(B) and 15(a)(3), cannot be set. Accordingly, the motions for a more definite statement (Papers 3 and 11) are GRANTED, and Ekberg shall file an amended complaint within 30 days of this Order. Failure to file an amended complaint within that 30-day period may result in the dismissal of all claims.

II. Motion to Dismiss

The defendants next contend that Ekbert's claims dating back to 1999 are time-barred. According to the more complete statement of his claims (Paper 12-2), Ekberg alleges that he was "wrongly and maliciously" cited for simple assault in May 1999, and for disorderly conduct in July 1999. These charges were

4

reportedly dismissed on December 15, 1999 and June 15, 2000, respectively.  Construing Ekberg's allegations liberally, he appears to be bringing claims for violations of his civil rights, in addition to potential state law claims of malicious prosecution or false arrest.

Civil rights claims brought under 42 U.S.C. § 1983 are subject to Vermont's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987).  That statute of limitations is three years.  12 V.S.A. § 512(4).  Ekberg's state law personal injury claims are obviously subject to this limitations period as well.

A civil rights cause of action accrues when the plaintiff knew or should have known of the injury that serves as the basis for the action.  See, e.g., Keating v. Carey, 706 F.2d 377, 382 (2d Cir. 1983).  The defendants concede that Ekberg's causes of action did not accrue until the charges against him were dismissed.  The later of these dismissals occurred in June 2000.  Accordingly, the statute of limitations for bringing an action based upon those charges expired in 2003.

In response to the motion to dismiss, Ekberg contends that he did not file his complaint earlier "[d]ue to mental incompetence."  (Paper 14 at 1).  He provides no details or factual support for this claim.  "A conclusory allegation of

5

incapacitation . . . is insufficient to toll the statute of limitations. Lora v. United States, 2007 WL 4966776, at *2 (S.D.N.Y. Nov. 21, 2007) (citing Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (petitioner's statement that he has "been diagnosed with a mental disorder" insufficient to show incapacitation); Williams v. Phillips, 2005 WL 1072711, at *7 (E.D.N.Y. Apr. 29, 2005) (petitioner's own conclusions that he is ill are insufficient to establish that he was incapable of filing a timely habeas petition) (internal quotations and citation omitted); Nash v. McGinnis, 2005 WL 1719871, at *3 (S.D.N.Y. July 22, 2005) ("[Petitioner's] summary references to his mental illness and alleged incompetence are not sufficient to warrant equitable tolling.")).

In addition, "[f]or a mental impairment to justify equitable tolling . . . the party invoking the doctrine must show that 'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.' " United States v. Williams, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Simpson v. Greene, 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003)). Ekberg offers no such showing. Indeed, he has not presented any facts about his life or his mental capacity for the time period between the dismissal of the disorderly conduct charge in 2000 and his commencement of this action in 2008. Consequently, the

Court cannot find that equitable tolling is warranted in this case.

Ekberg also argues that his 1999 claims should remain part of his suit because they are part of "a long term pattern of judicial misconduct." (Paper 14 at 1). Assuming that by "judicial misconduct" Ekberg is referring instead to police misconduct, his claim appears to be that the police have targeted him unfairly. Although he cites no law in support of his argument, the Court presumes that he is arguing for tolling under a continuous tort or conspiracy theory.

The Second Circuit rejected a similar argument in a § 1983 case wherein the plaintiff argued false arrest and malicious prosecution. Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). Dismissing the false arrest claim as untimely, the court held that "[i]t is the wrongful act, not the conspiracy, which is actionable, whether that act is labeled a tort or a violation of § 1983." Id. at 192.

> Characterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy or as "a single series of interlocking events" does not postpone accrual of claims based on individual wrongful acts. The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the

7

>time-bar, which is to preclude the resuscitation of
>stale claims.

Id. The Singleton decision recognized that an exception might apply "[w]here no single act is sufficiently decisive to enable a person to realize that he has suffered a compensable injury," but concluded that "no such claim is made here." Id. at 192-93.

In this case, Ekberg asks the Court to tie events occurring in 1999 with events that took place several years later. At the time of the earlier events, and certainly when the charges against him were dismissed in 2000, it should have occurred to him that he could commence an action for damages. To allow him to wait eight years for a second set of circumstances to arise would frustrate the purpose of the limitations period. Accordingly, Ekberg may not recover for events that took place in 1999-2000, and his so-called "1999 claims" are DISMISSED.

III. <u>Plaintiff's Motion for Summary Judgment</u>

The final pending motion is Ekberg's "motion for summary judgment on the pleading." The motion is predicated on the fact that the defendants have not yet responded to the substantive claims in the complaint. However, under the applicable Federal Rule, a motion for a more definite statement stays the time for filing a responsive pleading until after the Court has ruled upon the motion. Fed. R. Civ. P. 12(a)(4). Consequently, the defendants' answers are not yet due, and Ekberg's motion is DENIED as premature.

## Conclusion

For the reasons set forth above, the defendants' motions for a more definite statement of claims (Papers 3 and 11) are GRANTED. Ekberg shall file an amended complaint on or before March 9, 2009. Failure to file an amended complaint by March 9, 2009 may result in the dismissal of all claims.

The defendants' motion to dismiss Ekberg's "1999 claims" (Paper 13) is also GRANTED. The amended complaint shall not include a prayer for relief based upon those claims.

Finally, Ekberg's motion for summary judgment (Paper 15) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of February, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge