```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

Steve Ekberg,                    :
        Plaintiff,               :
                                 :
        v.                       :    File No. 1:08-CV-219
                                 :
City of Burlington,              :
Burlington Police                :
Department,                      :
        Defendants.              :


                        OPINION AND ORDER
                           (Paper 33)

Plaintiff Steve Ekberg, proceeding *pro se*, has moved for an extension of time in which to file a notice of appeal. On June 23, 2009, the Court issued an Opinion and Order dismissing Ekberg's claims. Judgment was entered the next day, and the Clerk's Office notified the parties that if they wished to appeal, a "Notice of Appeal **MUST** be filed on or before July 24, 2009." (Paper 31-2) (emphasis in original). No timely appeal was filed.

On July 27, 2009, Ekberg filed a "motion for appeal" which the Court has construed as a *pro se* notice of appeal, and a motion for extension of time in which "to file a notice of appeal late." In his motion, Ekberg submits that (1) he is unable to afford an attorney; (2) attorneys have discriminated against his "constitutional claims of speech"; (3) he misunderstood that the weekend of July 4th would be included in the calculation of the appeal period; and (4) his request for counsel has not been

granted.  With respect to the last point, no motion for appointment of counsel is pending before the Court.

The defendants have opposed the motion, arguing that Ekberg is not entitled to an extension because he has failed to show excusable neglect or good cause as required by Fed. R. App. P. 4(a)(5)(A)(ii).  The advisory committee notes to Appellate Rule 4 explain that "[t]he good cause and excusable neglect standards have 'different domains.'"  Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee note (2002 amendments) (quoting Lorenzen v. Employees Ret. Plan, 896 F.3d 228, 232 (7th Cir. 1990)).  The good cause standard applies where there is no fault attributable to the movant.  For example, good cause would be present if "the Postal Service fails to deliver a notice of appeal . . . ."  Id. In contrast, excusable neglect involves fault, and is "usually occasioned by something within the control of the movant."  Id.

In this case, Ekberg claims that he misunderstood how the appeal period would be calculated, and that he has been unable to secure legal representation.  The question of legal representation has little, if any, bearing on the timeliness issue, aside from the fact that the Court will consider Ekberg's *pro se* status when determining his right to an extension of time. See, e.g., McDonald v. Gonzalez, 2007 WL 1526414, at *1 (N.D.N.Y. May 23, 2007).  Accordingly, the pivotal fact is his miscalculation of the deadline, to which the excusable neglect standard necessarily applies.

Factors to be considered when evaluating excusable neglect include "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Although this test has four parts, the Second Circuit requires particular focus on the third factor -- the reason for the delay and whether it was within the reasonable control of the movant. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). The Second Circuit has also noted that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in ordinary course, lose under the Pioneer test." Canfield. v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 2003).

Here, the Court notified Ekberg of his appeal deadline. Even absent the Court's notification, the rules governing the appeal period and the computation of time are clear. Fed. R. App. P. 4(a)(1); Fed. R. App. P. 26(a) (Saturdays, Sundays and legal holidays are excluded only when the prescribed period of time is less than 11 days). Indeed, Ekberg obviously understood that his filing was untimely when he submitted his motion for extension of time.

3

Other than a misunderstanding of the rules and a lack of legal representation, Ekberg offers no justification for his error. While his *pro se* status is "relevant in determining whether there has been excusable neglect . . . it does not by itself excuse a litigant from complying with procedural rules." McDonald, 2007 WL 1526414, at *1. Furthermore, the law in this Circuit is that the "failure to follow the clear dictates of a court rule will generally not constitute [ ] excusable neglect." Canfield, 127 F.3d at 250; see Silivanch, 333 F.3d at 369 (excusable neglect standard "'can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules'") (quoting United States v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994)).

Ekberg was notified of his deadline, the rules setting that deadline are clear, and his notice of appeal was filed late. He makes no effort to establish good cause, and the arguments set forth in his motion do not show excusable neglect. The motion for extension of time (Paper 33) is, therefore, DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of August, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

4